505 S.E.2d 636

**Reece Kirk VARNEY and Martha Lukie Ball, Plaintiffs Below/Appellants,**

v.

**Judy GIBSON, Defendant Below/Appellee.**

### No. 24798.

Supreme Court of Appeals of West Virginia.

Submitted May 13, 1998.

Decided May 21, 1998.

---

Peggy L. Collins, Collins & Courtright, Charleston, for Appellant.

Lera K. VanMeter, Hunt & Lees, Charleston, W. Thomas Ward, Williamson, for Appellee.

PER CURIAM:[1]

This appeal was brought by Reece Kirk Varney and Martha Lukie Ball, appellants/plaintiffs below, (hereinafter "Varney–Ball") from an order of the Circuit Court of Mingo County granting summary judgment to Judy Gibson, appellee/defendant below, (hereinafter "Gibson"). The summary judgment order found that the decedent, Reece Varney, Sr., was competent and was under no undue influence at the time of execution of his last will and testament. In this appeal Varney–Ball contend that material issues of fact were in dispute which precluded summary judgment. We disagree and affirm the circuit court.

## I.

### FACTUAL BACKGROUND

The parties in this matter are siblings. The contested will in this case is that of their father, Reece Varney, Sr (Mr. Varney). On

August 21, 1994, Mr. Varney was admitted to Williamson Memorial Hospital as a result of lung cancer. While in the hospital Mr. Varney contacted by telephone attorney Truman Chafin. Mr. Varney requested that Mr. Chafin prepare a new will for him.[2] Mr. Chafin testified in a deposition that he had known Mr. Varney all of his life. Further, Mr. Chafin testified that Mr. Varney sounded competent during their initial conversation about the will. Mr. Chafin instructed Mr. Varney to write down all matters he wanted included in the will. Mr. Chafin instructed Mr. Varney to have the information sent to his office. Mr. Varney followed Mr. Chafin's instructions and prepared a draft of the contents of his will. The draft was dropped off at Mr. Chafin's office by Ms.Gibson. Mr. Chafin testified that once he received the draft, he confirmed each matter requested to be placed in the will with Mr. Varney by telephone. Mr. Chafin indicated that during the conversation Mr. Varney sounded normal and competent. After the will was prepared, Mr. Chafin had it taken to Mr. Varney for execution.[3]

The will was executed by Mr. Varney on August 30, 1994 while he was at the hospital. Present during the execution of the will were nurses Lisa Ball and Deloris King. Also present was hospital notary, Sandra Hatfield. During the deposition testimony of Ms. Ball and Ms. King, each testified that they saw Mr. Varney execute his will. Both women testified that Mr. Varney was competent at the time of execution.[4] Both nurses testified that they attended Mr. Varney while he was in the hospital and were aware of when he was and was not oriented and alert.

On September 3, 1994, Mr. Varney died.[5] Mr. Varney's will named Ms. Gibson as executrix of his estate. On September 21, 1994,

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

2. Mr. Chafin had previously prepared a will for Mr. Varney, which was executed in 1973. In the first will Mr. Varney left all of his estate to his wife. The first will also provided that if Mr. Varney's wife preceded him in death, his estate was to go to his son, Reece Kirk Varney.

3. The will left gifts to numerous persons. The will provided gifts for each of the parties in this case.

4. A deposition was scheduled for Ms. Hatfield but she failed to appear.

5. Mr. Varney was 78 years old at the time of death.

Varney–Ball filed a complaint seeking to set aside Mr. Varney's will on the grounds of duress or incompetency. After a period of discovery the circuit court, by order filed October 4, 1996, granted summary judgment to the defendant. This appeal followed.

## II.

### STANDARD OF REVIEW

■ The standard of review of a circuit court's entry of summary judgment is de novo. Syl. pt 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). In syllabus point 2 of *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995), we explained as follows:

> Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

## III.

### DISCUSSION

■ In the instant proceeding Varney–Ball allege that material issues of fact are in dispute regarding Mr. Varney's competency at the time he executed his will.[6] This Court held in syllabus point 3 of *Frye v. Norton,* 148 W.Va. 500, 135 S.E.2d 603 (1964) that "[t]he time to be considered in determining the capacity of the testator to make a will is the time at which the will was executed." We have also held that " '[e]vidence of witnesses present at the execution of a will is entitled to peculiar weight, and especially is this the case with the attesting witnesses.'

Point 2, Syllabus, *Stewart v. Lyons,* 54 W.Va. 665, 47 S.E. 442 [1903]." Syl. pt. 4, *Frye.* This Court noted in syllabus point 8 of *Stewart,* that "[m]erely because a testator may be incompetent to safely transact the general business affairs of life does not render him incompetent to make a will." The decision in *Stewart* elaborated as follows:

> It is not necessary that a testator possess high quality or strength of mind, to make a valid will, not that he then have as strong mind as he formerly had. The mind may be debilitated, may be peculiar and eccentric, and he may even want capacity to transact many of the business affairs of life; still it is sufficient if he understands the nature of the business in which he is engaged when making a will, has a recollection of the property he means to dispose of, the object or objects of his bounty, and how he wishes to dispose of his property.

Syl. pt. 3, *Stewart.*

■ The circuit court found that based upon the evidence in the record, Mr. Varney was competent at the time he executed his will on August 30, 1994. The evidence consisted of the deposition testimony of Mr. Chafin, indicating Mr. Varney was of clear mind and competent when he communicated the matters to be included in the will. The attesting witnesses, Ms. Ball and Ms. King, testified during their depositions that Mr. Varney was competent when he signed the will. Varney–Ball attempt to counter this evidence by showing that Mr. Varney scribbled his name as "Reeece", instead of "Reece"; that medical records indicated Mr. Varney was at times disoriented; that Mr. Varney was on medication that impaired his mind; that the attending physician testified that he had his doubts about Mr. Varney's competency;[7] and that the will did not have

---

6. Varney–Ball have offered no argument or law on the issue of duress in making and executing the will. *See* Syl. Pt. 6, *Addair v. Bryant,* 168 W.Va. 306, 284 S.E.2d 374 (1981) ("Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived").

7. The attending physician, Dr. J. Timothy Kohari, did not render an opinion regarding Mr. Varney's competency. Dr. Kohari testified that he would defer to the opinion of Ms. King and Ms. Ball, the individuals who were actually present at the time the will was executed.

a residuary clause. This evidence does not rise to the level of presenting a material dispute as to the competency of Mr. Varney at the time of execution of the will. *See Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 60 n. 13, 459 S.E.2d 329, 337 n. 13 (1995) ("In this context, the term 'material' means a fact that has the capacity to sway the outcome of the litigation under the applicable law. If the facts on which the nonmoving party relies are not material or if the evidence 'is not significantly probative,' [summary] disposition becomes appropriate.") Citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986). Taken together, all of the facts upon which Ms. Gibson relies are not significantly probative to sway the outcome of the litigation based upon applicable law.

## IV.

### CONCLUSION

In view of the foregoing, we affirm the circuit court's order granting summary judgment to the defendant.

Affirmed.

MAYNARD, J., deeming himself disqualified, did not participate in the decision of this case.

FRYE, Judge, sitting by temporary assignment